**SO ORDERED.**

**SIGNED this 31 day of December,2013.**

*Stephani W. Humrickhouse*
_____
**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### RALEIGH DIVISION

IN RE:                                                            CASE NO.

NCVAMD, INC.                                                10-03098-8-SWH

    DEBTOR

### ORDER DETERMINING WILLFUL VIOLATION OF AUTOMATIC STAY, ASSESSMENT OF COSTS AND SANCTIONS, AND ALLOWANCE OF CONDITIONAL MODIFICATION OF AUTOMATIC STAY

    This matter came before the court upon the Motion to Lift Automatic Stay to Commence Condemnation Action ("Motion") filed by the North Carolina Department of Transportation ("NCDOT") and the Objection thereto filed by Gregory B. Crampton, chapter 7 trustee.  A hearing was held in Raleigh, North Carolina, on October 29, 2013.  At the close of the hearing, the court found that the NCDOT had willfully violated the automatic stay, but took the matter of damages/sanctions and NCDOT's stay motion under advisement.

    On April 19, 2010, NCVAMD, Inc., f/k/a American Lung Association of the Atlantic Coast, Inc., f/k/a American Lung Association of Maryland, f/k/a American Lung Association of Virginia, f/k/a/ American Lung Association of North Carolina, and f/k/a American Lung Association of Northern Virginia, ("debtor") filed a petition under chapter 7 of the Bankruptcy Code and Gregory B. Crampton was appointed as chapter 7 trustee on April 20, 2010.

At the time of filing bankruptcy, the debtor owned a 25% remainder interest in a .59 acre tract of land, with all improvements thereon, located off of Roberta Road in Concord, North Carolina, ("Property") pursuant to the Last Will and Testament of J.B. Reynolds. This remainder interest became property of the bankruptcy estate pursuant to 11 U.S.C. § 541. Subsequent to the filing of the petition, the remainder interest became a 25% present interest in the Property upon the passing of Faith H. Shumaker on May 13, 2012.

After the filing of the petition, the trustee and representatives of the NCDOT engaged in discussions regarding the possibility of the NCDOT purchasing the Property in its entirety, including the interest owned by the bankruptcy estate. The two sides could not reach an agreement on the fair market value of the Property. However, as a result of these negotiations the NCDOT gained express and actual knowledge of the bankruptcy filing and the trustee's appointment. Despite this actual knowledge, the NCDOT filed a Complaint and Notice of Taking in the Superior Court of Cabarrus County, Case No. 12-CVS-3293 ("Condemnation Action"), on October 9, 2012, seeking to condemn a portion of the Property. On the same day, the NCDOT recorded a Memorandum of Action in the Cabarrus County Register of Deeds. The NCDOT then demolished a 1,138 square foot commercial building on the Property as part of the condemnation project. The filing of the Condemnation Action, the recordation of the Memorandum of Action, and destruction of the building all took place after the NCDOT had actual knowledge of debtor's bankruptcy case, and most importantly, before any attempt by the NCDOT to obtain stay relief.

On September 24, 2013, almost one year after filing the Condemnation Action, the NCDOT filed a motion for relief from the automatic stay under 11 U.S.C. § 362. The motion expressly disclaims any knowledge of the bankruptcy prior to filing the Condemnation Action, despite the fact

2

that the chapter 7 trustee is named as a party defendant in the Condemnation Action complaint. Email communications between the NCDOT and the trustee, dated in May of 2012, undisputedly show that the NCDOT clearly had actual and specific knowledge of the bankruptcy prior to filing the Condemnation Action.

## DISCUSSION

The filing of the Condemnation Action and demolition of property of the estate violates the automatic stay.  "The automatic stay serves a crucial function in any bankruptcy case and willful violations under [11 U.S.C.] § 362(h)[1] are serious matters warranting the mandatory imposition of sanctions that Congress has proscribed." In re Brock Utils. & Grading, Inc., 185 B.R. 719, 720 (Bankr. E.D.N.C. 1995).  The Fourth Circuit has held that condemnation actions initiated by state governments are subject to the Bankruptcy Code's automatic stay. See Bd. of Supervisors v. Royal (In re Royal), 137 Fed. Appx. 537, 542-43 (4th Cir. 2005) (unpublished opinion). The NCDOT pursued the Condemnation Action, the Memorandum of Action, and the physical destruction of the structure two years after the Property became protected by the automatic stay and a year before it attempted to procure stay relief.

This violation of the automatic stay was willful.  The willfulness requirement of 11 U.S.C. § 362(k) refers to the intent to commit the act which violates the automatic stay, not an intent to violate the automatic stay. Citizens Bank v. Strumpf (In re Strumpf), 37 F.3d 155, 159 (4th Cir. 1994), overruled on other grounds, 516 U.S. 16 (1995). Therefore, "[a] violation of the stay is 'willful' if the creditor has knowledge of [the] bankruptcy petition and the act that violates the stay was intentional." In re Forkish, No. 09-06373-8-SWH, 2010 WL 468092, at *2 (Bankr. E.D.N.C.

---

[1]Due to subsequent amendments, this provision is now codified as 11 U.S.C. § 362(k).

Feb. 2, 2010) (citing In re Peterkin, 102 B.R. 50 (Bankr. E.D.N.C. 1989)). Because the NCDOT intentionally filed the Condemnation Action and the Memorandum of Action, and physically destroyed the structure on the Property after obtaining knowledge of the bankruptcy petition, the NCDOT willfully violated the automatic stay.

Section 362(k) of the Bankruptcy Code provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1). The NCDOT's actions have forced the trustee to incur attorney's fees in the amount of $10,044.56, as evidenced by his affidavit filed with the court. The trustee is entitled to recover these costs from the NCDOT. The destruction of the building by the NCDOT has caused additional damages to the estate. The trustee is therefore entitled to recover actual damages in the amount of the devaluation of the Property. However, the trustee has expressed his intent to prove this portion of the estate's damages through an inverse condemnation action and thus those damages will not be further treated in this order.

The NCDOT's blatant disregard for the automatic stay warrants punitive damages. Although there are statutory limitations on the award of punitive damages against a state pursuant to 11 U.S.C. § 106(a)(3), the United States Supreme Court has recognized that the "consent by ratification" theory of sovereign immunity waiver is independent of, and unrelated to, the provisions of that statute. Cent. Va. Cmty. Coll. v. Katz, 546 U.S. 356, 361-62, 378-79 (2006). See also Fla. Dep't. of Revenue v. Diaz (In re Diaz), 647 F.3d 1073, 1083-85 (11th Cir. 2011) (summarizing the Katz decision). A bankruptcy court may award punitive damages against state governmental units pursuant to the "consent by ratification" theory when doing so is necessary to effectuate the court's

4

*in rem* jurisdiction. See Katz, 546 U.S. at 378 ("[B]ecause the proceeding was merely ancillary to the Bankruptcy Court's exercise of its *in rem* jurisdiction, we held that it did not implicate state sovereign immunity.") Id. at 371. Violations of the automatic stay "generally qualify as 'proceedings necessary to effectuate the *in rem* jurisdiction of the bankruptcy courts.'" Diaz, 647 F.3d at 1086 (quoting Katz, 546 U.S. at 378).

The facts of this case present an ideal situation for the court to award punitive damages against NCDOT. NCDOT not only initiated a condemnation proceeding without stay relief, it actually destroyed estate property. It is clear that NCDOT has no meaningful procedures in place for a review of its actions. Although the initiation of the condemnation proceeding and the destruction of the property occurred in the fall of 2012, it was not until almost a year later, and over two years after the bankruptcy filing, that someone at NCDOT finally sought stay relief. Its explanation of why it believed stay relief was unnecessary is so incredulous that it does not warrant treatment here. Perhaps the most damning fact against the NCDOT and in support of the imposition of punitive damages is the misleading, if not outright dishonest, statements made in the NCDOT motion for relief from stay. The NCDOT alleged that "[p]rior to becoming aware of the Bankruptcy proceedings, NCDOT commenced in the North Carolina state courts an eminent domain proceeding in which the debtor, NCVAMD, Inc. is a party (the "condemnation action")." Complaint, ¶ 6. The action the NCDOT alleges it brought prior to becoming aware of the bankruptcy case **named Gregory B. Crampton, Trustee as a party defendant!** Additionally, email communications introduced by the trustee five months prior to the filing of the motion for relief from stay evidence actual knowledge of the case. This type of conduct by both the NCDOT and its counsel cries out for punitive sanctions. Nothing short of the imposition of punitive sanctions will send the correct

5

message to the department or give it the incentive it clearly needs to mend its ways. The court therefore imposes punitive sanctions against the NCDOT in the amount of $10,000.

Any act done in violation of the automatic stay is void *ab initio*. See In re Carpenter, No. 10-03870-SWH, 2010 WL 3744337, at *2 (Bankr. E.D.N.C. Sept. 15, 2010) (citing In re Village Landing, LLC, No. 09-00855-9-JRL, (Bankr. E.D.N.C. May 13, 2009) (holding that a state judicial action taken during the pendency of the bankruptcy case, and in violation of the automatic stay, was void *ab initio*)). Accordingly, the commencement of the Condemnation Action by the NCDOT, which violated the automatic stay, is void *ab initio*. Furthermore, all actions undertaken by the NCDOT in reliance on such Condemnation Action are also void *ab initio*.

For the foregoing reasons, it is therefore

**ORDERED** that the trustee be awarded actual damages for his attorneys' fees and costs against the NCDOT in the amount of $10,044.56 for willful violation of the automatic stay. This award is made without prejudice to the trustee seeking additional damages in a state court inverse condemnation action or otherwise; the damages awarded to the trustee pursuant to this Order shall not be used to offset the amounts owed by the NCDOT to the trustee as just compensation for the unlawful taking of estate property, which must be determined in a State Court proceeding and in accordance with the laws of the State of North Carolina.

**FURTHER ORDERED** that the trustee be awarded and the NCDOT be assessed punitive damages in the amount of $10,000 for its egregious and willful violation of the automatic stay.

**FURTHER ORDERED** that the NCDOT shall dismiss its Condemnation Action against the trustee, which was filed in violation of the Automatic Stay in effect in this case, and which is

6

void *ab initio* as to the trustee and the debtor's chapter 7 Bankruptcy case, immediately upon entry of this Order.

**FURTHER ORDERED** that the automatic stay shall be conditionally modified to allow the North Carolina Department of Transportation to file a new condemnation action against the trustee, or to defend any inverse condemnation action brought by the trustee, subject to the trustee's receipt of the damages assessed in this Order within fourteen (14) days of the entry of this Order.

**SO ORDERED**.

**END OF DOCUMENT**